UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Adrian Tiberiu Oprea</u>,
    Plaintiff

    v.                                   Case No. 23-cv-141-SM
                                        Opinion No. 2023 DNH 075

<u>Warden, FCI Berlin</u>,
    Defendant

## **O R D E R**

Adrian Tiberiu Oprea ("Oprea") is a federal prisoner currently being held at the Federal Correctional Institution in Berlin, New Hampshire. He petitions the court pursuant to 28 U.S.C. § 2241, saying the Bureau of Prisons ("BOP") has improperly classified him as "ineligible" to apply time credits he has earned under the First Step Act and, therefore, incorrectly calculated his projected release date. He seeks an order directing the BOP to properly account for those time credits and to amend his projected release date by one year.

The government moves to dismiss Oprea's petition, asserting that it fails to state any viable claims. That is true. Nevertheless, for the reasons discussed, the government will

show cause why Oprea's motion should not be treated as a motion for resentencing under 18 U.S.C. § 3582(c)(1).

## Discussion

There are two ways by which inmates serving federally-imposed sentences may reduce the amount of time they must serve in prison. Those serving a term of imprisonment greater than one year may earn "good time" credits for "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Inmates may also earn "time credits" under the First Step Act for the successful completion of "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). This case involves the latter.

Oprea is a citizen of Romania, currently serving a 180-month term of imprisonment, with no term of supervision. He is the subject of an Immigration and Customs Enforcement ("ICE") detainer that was lodged against him in April of 2022. With the benefit of accumulated good time credits, his anticipated "Final Statutory Release Date" is September 10, 2024. See Sentence Monitoring Computation Data (document no. 6-3) at 1. He has no history of disciplinary action in the past 12 months, he is a low security inmate, he has a "minimum PATTERN recidivism risk score," and the BOP reports that he has not participated in any

2

known acts of violence or gang-related activity.  See Response to Request for Administrative Remedy (document no. 7-2) at 2-3. None of that is in dispute.

In his petition, Oprea asserts that the BOP is improperly preventing him from applying earned FSA time credits toward early release to prerelease custody and/or supervision because he is subject to an ICE detainer.  See Petition (document no. 1) at para. 13.  While that was once the case, it is no longer true.  As discussed in several prior orders of this court, the BOP was, for a time, precluding inmates subject to ICE detainers from applying earned FSA time credits toward early release. But, on February 6, 2023, the BOP amended its procedures for implementing the First Step Act.  Among other things, it removed language from the prior policy that precluded prisoners subject to ICE detainers from applying FSA time credits toward an early release to prerelease custody or supervised release.  See U.S. Dept. of Justice, Bureau of Prisons, Program Statement 5410.10 CN-1, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) (Feb. 6, 2023).[1]

---

[1]   Available at: https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000).

3

Consequently, otherwise qualified inmates who are subject to ICE detainers (but not final orders of removal) are now permitted to apply earned FSA time credits toward early release to prerelease custody or supervised release. See, e.g., Bello-Arias v. Warden, FCI Berlin, 2023 DNH 043, 2023 WL 3043271, at *1 (D.N.H. Apr. 21, 2023); Portocarrero Montano v. Warden, FCI Berlin, 2023 DNH 059, 2023 WL 3572791, at *1 (D.N.H. May 15, 2023). See generally 18 U.S.C. § 3632(d)(4)(E)(i).

Oprea's problem is this: he is not "otherwise qualified" to apply earned FSA time credits toward early release to either prerelease custody or supervised release.

I. Oprea was not Sentenced to Supervised Release.

According to Oprea, he has earned a substantial number of FSA time credits, 365 of which should be applied toward his early release to supervised release. That, says Oprea, would shorten his period of incarceration and move his anticipated release date forward by one year, to September 23, 2023. See Petition (document no. 1) at 7. Critically, however, when Oprea was sentenced, this court consciously declined to impose a term of supervision. See Transcript of Sentencing Hearing (document no. 6-7) at 5 ("Given the likelihood of deportation following completion of the defendant's sentence, the Court will not

impose a period of supervised release."). Consequently, there is no term of supervision to which Oprea might be released early.

Indeed, the FSA specifically contemplates the logical proposition that only inmates sentenced to serve a term of supervision may apply earned FSA time credits to secure early release to that term of supervision. See 18 U.S.C. § 3624 (g)(3) ("If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632.") (emphasis supplied). See also 28 C.F.R. § 523.44(d) ("The Bureau may apply FSA Time Credits toward early transfer to supervised release under 18 U.S.C. 3624(g) only when an eligible inmate has . . . a term of supervised release after imprisonment included as part of his or her sentence as imposed by the sentencing court.") (emphasis supplied). See generally Saleen v. Pullen, No. 3:23-CV-147 (AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023).

5

Given that Oprea was not sentenced to serve a term of supervised release, it is both logically and legally impossible for him to apply earned FSA time credits toward early release to supervision. After filing his 2241 petition with this court, it appears Oprea recognized that fact and specifically noted in a "Request for Administrative Remedy" filed with the BOP that he is "not asking for supervised release." Instead, he now seeks only early release to "prerelease placement in a residential reentry center." See Request for Administrative Remedy (document no. 7-2) at 1.

II. Oprea is Ineligible for Early Release to Prerelease Custody.

As noted above, Oprea is a citizen of Romania and subject to an ICE detainer. Consequently, pursuant to BOP Program Statement 7310.04, he is not eligible for early release to a halfway house or Residential Reentry Center (RRC) or, as such facilities were formerly known, a Community Corrections Center (CCC). See BOP Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, (document no. 6-5), Section 10(f), pages 10-11 ("Inmates in the following categories shall not ordinarily participate in CCC [Community Corrections Center] programs: . . . (f) Inmates with unresolved pending charges, or detainers, which will likely lead to arrest,

6

conviction, or confinement.") (emphasis supplied).[2]  See also Moody v. Gubbiotti, No. CV 21-12004 (RMB), 2022 WL 4976308, at *7, n.6 (D.N.J. Oct. 3, 2022) (noting that although "no statutory provision or BOP regulation precludes application of [time credits] toward early supervised release of prisoners who have state detainers lodged against them," the presence of that detainer means the petitioner is "not eligible for early release to a residential reentry center or home confinement pursuant to BOP Program Statement 7310.04.") (emphasis supplied); Zavalunov v. Fed. Bureau of Prisons, No. 3:19-CV-453, 2020 WL 2036722, at *11 (M.D. Pa. Apr. 28, 2020) ("As stated, pursuant to BOP policy, inmates with a detainer cannot participate in the community treatment program and thus cannot be eligible for early release.").  Oprea does not challenge that BOP policy.

In summary, then, the presence of an ICE detainer against Oprea is no longer an obstacle to his ability to earn time credits under the First Step Act.  That detainer does, however, preclude him from automatically applying those time credits

---

[2]   By using the phrase "shall not ordinarily participate in CCC programs," this provision precludes Oprea from automatically applying earned FSA time credits toward early release to prerelease custody.  But, at the same time, it might permit him to petition the Warden of FCI Berlin to exercise his discretion to release Oprea early to ICE custody pursuant to his detainer.  See generally 18 U.S.C. § 3624(g)(1)(D)(i)(II).

7

toward early release to prerelease custody. And, because Oprea was not sentenced to serve a period of supervised release, he cannot apply earned FSA time credits toward early release to supervision.

Of course, Oprea is not without recourse. It is possible that this court could invoke the "extraordinary and compelling" circumstances provision of 18 U.S.C. § 3582(c)(1) and resentence Oprea to add a period of supervised release. Doing so might make him eligible for early release from BOP custody into the custody of Immigration and Customs Enforcement. See, e.g., United States v. Nunez-Hernandez, No. CR 14-20(8) (MJD), 2023 WL 3166466, at *1 (D. Minn. Apr. 27, 2023) (granting petitioner's request for resentencing and imposing one month of supervised release so petitioner might obtain early release from BOP custody into the custody of ICE, pursuant to 18 U.S.C. § 3624(g)(3)). See generally 18 U.S.C. § 3582(c)(1)(A)(i) (authorizing the sentencing court to modify an imposed term of imprisonment upon, among other things, a finding that it is warranted by "extraordinary and compelling reasons").

It would seem, however, that few courts have invoked such authority to resolve issues presented by cases like Oprea's – that is, low recidivism-risk prisoners who have accumulated

substantial time credits under the First Step Act but who are unable to apply them due to the absence of a supervised release component of their sentence).  Rather than acting sua sponte, the court deems it best to first solicit the government's views on the matter.

Accordingly, on or before July 21, 2023, the government may file a legal memorandum addressing the questions presented – that is, whether the court should treat Oprea's petition as one for resentencing and whether the court should resentence him to serve an additional – albeit brief – period of supervised release so he might benefit from accumulated FSA time credits and secure an early release from BOP custody and into the custody of ICE.

## Conclusion

Oprea's petition, as presented, fails to describe any viable claims.  But, if the court were to treat that petition as one for resentencing, and then resentence Oprea to serve a brief period of supervised release he might (at least potentially) be released early to the custody of Immigration and Customs Enforcement for deportation proceedings.  The court will await the government's views before proceeding any further.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 20, 2023

cc:  Adrian Tiberiu Oprea, pro se
     Terry L. Ollila, Esq.